## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

WILLIE GILDER,     )
           )
    Plaintiff,    )
           )  C.A. No. _____
   v.      )
           )  JURY TRIAL DEMANDED
SALLIE MAE, INC.,    )
           )
FIRST ADVANTAGE CORPORATION )
           )
           )
    Defendants.   )
           )

## COMPLAINT

## INTRODUCTION

1.  Plaintiff, Willie Gilder ("Plaintiff") files this action against Sallie Mae Inc. and First Advantage Corporation for violations of the Fair Credit Reporting Act and Tortious Interference with Prospective Economic Relations.

## NATURE OF THE ACTION

2.  This is an action for statutory and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et. seq*., the Fair Credit Reporting Act of ("FCRA"). The FCRA imposes several important requirements on consumer reporting agencies that furnish consumer reports, including background checks for employment. The FCRA was designed to protect consumers like Plaintiff. Defendants violated the Fair Credit Reporting Act by failing to follow reasonable procedures for ensuring the accuracy of consumer information and failing to properly investigate Plaintiff's dispute.

## JURISDICTION

3.      This court has original jurisdiction pursuant to 28 U.S.C § 1331, and 15 U.S. C. § 1681p.

4.      This Court has supplemental jurisdiction over all state causes of action pursuant to 28 U.S.C. § 1367.

5.      The acts alleged herein were committed within the State of Delaware.

## PARTIES

6.      Defendant, Sallie Mae Inc., is located at 300 Continental Drive, Newark, Delaware 19713.

7.      The Plaintiff, Willie Gilder, is a natural person, and at all times relevant to this Complaint was a "consumer" as defined by the Fair Credit Reporting Act, at 15 U.S.C. § 1681a. At all times relevant hereto, Plaintiff was a resident of Delaware, residing at 20 N. Appoquin Drive, Middletown, Delaware 19709.

8.      Defendant First Advantage Corporation is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f). Defendant First Advantage Corporation is also a "reseller" that assembles and merges information contained in the databases of other consumer reporting agencies and resells the data to third parties, as defined in 15 U.S.C. § 1681a(u).

### FACTS

### Plaintiff's Employment

9.      In or around late September 2017, Plaintiff applied for the position of Collector I within Sallie Mae Inc.

10.     On October 27, 2017, Plaintiff was interviewed by Sallie Mae for the Collector I Position.

11.     On October 31, 2017, Plaintiff received an offer letter for the Collector I position, in their APG Private Credit Department.

12.     Sallie Mae's offer letter stated Plaintiff's offer was "contingent upon passing a background check…."

13.     Sallie Mae's offer letter also provided Plaintiff with an anticipated start date of November 20, 2017.

14.     Plaintiff completed the steps necessary to register for Sallie Mae's online background check.

15.     Sallie Mae utilizes a third-party vendor, First Advantage Corporation to conduct its criminal background report.

16.     Plaintiff applied for a position at Sallie Mae in 2016.

17.     On November 9, 2017, Plaintiff received a correspondence from Sallie Mae which listed his 2016 criminal background check. Contained in this correspondence, Sallie Mae stated "The background report was prepared by: First Advantage Corporation, 1-800-888-5773…. You are able to dispute directly with First Advantage Corporation's Consumer Dispute line at 1-800-888-5773 the accuracy or completeness of any of the information provided by First Advantage…"

18.     The FBI Criminal History report, which was on Sallie Mae letterhead, did not contain any charges or convictions that would give rise to Sallie Mae rescinding his employment.

19.     The Criminal History Report contained charges and convictions which were expunged and outdated.

20.     Plaintiff disputed the findings of the background check with both Sallie Mae and First Advantage Corporation.

21.     On November 15, 2019, Plaintiff received an email from Gabriella Bucci, Human Resources Service Center Analyst. The email in part stated "I spoke against with First Advantage just to make absolutely sure that you would be able to successfully file a dispute and provide the documentation that your referenced. They identified an internal issue on their end that disabled your case but were unable to identify why. I explained the urgency of this situation and that we need this case reopened and ready for dispute as soon as possible. They will be following up with a call as soon as they have resolved the issue and you absolutely will be able to dispute your results. I will also request that they expedite this process as this error is neither your fault nor Sallie Mae's".

22.     Plaintiff made several attempts to contact First Advantage Corporation to dispute the findings on his criminal history report. First Advantage refused to hear Plaintiff's dispute and instead told him to dispute the findings with Sallie Mae. Upon information and belief, once a consumer disputes the information contained in his criminal history reporting, First Advantage must conduct reinvestigation which is to be completed within 30 days from the date it receives the consumers request. The consumer will then be notified in writing with the results of your consumer dispute.

23.     On November 30, 2017, Plaintiff provided Sallie Mae with court documents which evidenced he was never convicted of dealing in cocaine, as well as a copy of a May 15, 2017, court order granting his petition for expungement for his arrest for dealing in cocaine.

24.     The next day, on December 1, 2017, Mr. Gilder received a letter from Sallie Mae rescinding his employment offer stating: "This decision was based, either in whole or in part, on information provided to us in a consumer report."

25.     Prior to rescission of Plaintiff's offer, Plaintiff did not receive any updates or outcomes regarding his reported dispute of his background check from either Sallie Mae or First Advantage Corporation.

26.     In addition to disputing the inaccurate information, Plaintiff provided Defendants with extrinsic written documentation corroborating his disputes, including an order of expungement.

27.     Plaintiff was not selected for the position with Sallie Mae specifically based upon his information contained in his consumer report.

## CLASS ACTION ALLEGATIONS

28.     Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class: all employees or applicants of Sallie Mae residing in the United States who were the subject of a Background Report obtained from First Advantage that was used by Sallie Mae to make an adverse employment decision regarding such employee or applicant for employment, within two years prior to the filing of this action, and for any individual to whom First Advantage failed to provide a copy of their consumer report or failed to conduct an investigation into any individual's dispute of information.

29.     The Class is so numerous that joinder of all members is impracticable. Fed. R. Civ. P. 23(a)(1).

30.     Upon information and belief, First Advantage obtains hundreds if not thousands of consumer reports on employees and applicants each year, and those persons' names and addresses are identifiable through documents maintained by First Advantage.

31.     Upon information and belief, Sallie Mae has taken adverse employment actions against thousands of employees and applicants based upon arrest and convictions reported by First Advantage without any investigation.

32.     Defendants First Advantage and Sallie Mae's unlawful, inequitable methods, acts and trade practices have targeted and affected all members of the Class in a similar manner, i.e., failure to investigate an applicant or employees right to dispute the accuracy or completeness of the information provided by the Consumer Reporting Agency, and the applicant or employee's right to get a free copy of the report from the Consumer Reporting Agency if the applicant or employee asks for it within 60 days pursuant to 15 U.S.C 1681.

33.     Plaintiff's claims are typical of the claims of the class. Fed. R. Civ. P. 23(a)(3). Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that he seeks for absent class members.

34.     Plaintiff is an adequate representative of the Class. His interests are aligned with, and are not antagonistic to, the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of members of the class. Fed. R. Civ. P. 23(a)(4).

35.     The questions of law and fact common to the members of the Class predominate over any questions which may affect only individual members. Fed. R. Civ. P. 23(a)(2).

36.     Fed. R. Civ. P 23(b)(3) Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The statutory and punitive damages sought by each member are such that individual prosecution would prove

burdensome and expensive given the complex and extensive litigation necessitated by Defendants. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increased the delay and expense to all parties and to the court system present by the complex legal and factual issues raised by First Advantage's conduct. By contrast, the class action devise will result in substantial benefits to the litigants and the Court by allowing resolution of numerous individual claims based upon a single set of proof in a unified proceeding.

37.     The individual claims of Plaintiff and the class members are small in relation to the expenses of litigation, making a class action the only procedure in which they can, as a practical matter, recover. However, the claims of Plaintiff and the class are large enough and meritorious to justify the expense and effort in maintaining a class action.

38.     The conduct, actions and inaction of Defendants was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

39.     Plaintiff and other members of the Class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

40.     As a result of these FCRA violations, Defendants are liable to Plaintiff and each Class member for statutory damages to the maximum extent allowable by law, punitive damages, and for their attorney's fees and costs.

41.     Plaintiff, on behalf of himself and the putative class members, move for class certification statutory and punitive damages, and attorney's fees and costs against Defendants for his class claims, as well as statutory, actual, and punitive damages, and attorneys fees and costs against Defendant for his individual claims; for pre-judgment and post judgment interest at the legal rate, and such other relief the Court does deem just, equitable, and proper.

## CLAIMS AND DAMAGES

Based upon the above allegations, Plaintiff maintains the following legal claims against Defendants:

## COUNT I
### Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681e(b)
### Against First Advantage Corporation

42.     The allegations of Paragraphs 1 through 41 are incorporated by reference as if fully restated herein.

43.     Plaintiff is a natural person who at all times relevant to this Complaint was a "consumer" as defined by the Fair Credit Reporting Act, at 15 U.S.C. § 1681a.

44.     Defendant First Advantage is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f) that regularly conducts business in Delaware.

45.     Sallie Mae utilized First Advantage as a third-party vendor, to conduct Plaintiff's background check.

46.     First Advantage background check report is a "consumer report" used for "employment purposes" within the meaning of 15 U.S.C. §§ 1681a(d) and 1681a(h).

47.     Defendant First Advantage violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it published and maintained concerning Plaintiff.

48.     Defendant First Advantage does not have sufficient procedures to assure the maxim possible accuracy of the credit reports it furnishes regarding consumers. Instead, Defendant assembles and merges the information from other consumer reporting agencies without following any procedures to assure the accuracy of the underlying data.

49.     Upon information and belief, Defendant does not maintain procedures designed to ensure public record information that is likely to have an adverse effect on a consumer's ability to obtain employment is complete and up to date.

50.     Defendant did not attempt to follow 15 U.S.C. 1681k(a)(2), which requires a consumer reporting agency to maintain strict procedures designed to ensure that its public records reporting is complete and up to date.

51.     Based upon a common policy and practice, First Advantage regularly and illegally reports criminal records that have been expunged, sealed, outdated, or otherwise removed by court order.

52.     As a result of Defendant First Advantage's conduct, action, and inaction, Plaintiff suffered actual damages, including but not limited to: embarrassment and humiliation, lost opportunities to enter gainful employment and denial of employment opportunities.

53.     First Advantage's conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

54.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and their attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II
### Violations of the Fair Credit Reporting Act
### Against First Advantage

55.     The allegations of paragraphs 1 through 54 are incorporated by reference as if fully restated herein.

56.     First Advantage, in its capacity as a "consumer reporting agency," is required by the FCRA, 15 U.S.C. § 1681g(a), to furnish to a requesting consumer "all information in the consumer's file at the time of the request."

57.     The Fair Credit Reporting Act requires Credit Reporting Agency's such as Defendant First Advantage to clearly and accurately disclose to consumer all information that First Advantage maintains about them, including the sources that supplied the information. 15 U.S.C. § 1681g(a).

58.     Plaintiff attempted to get into contact multiple times with First Advantage to dispute the information contained in his criminal history report. When Plaintiff finally got in touch with First Advantage, he was told he cannot dispute his criminal background check findings with First Advantage and would have to dispute with Sallie Mae.

59.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT III
### Violations of 15 U.S.C. § 1681i.

60.     The allegations of Paragraphs 1 through 59 are incorporated by reference as if fully restated herein.

61.     Defendant First Advantage Corporation violated 15 U.S.C. § 1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was

inaccurate and the record the current status of the disputed information or delete the item from Plaintiff's consumer file.

62.     As a result of First Advantage's violations of 15 U.S.C. §1681i(a)(1), Plaintiff suffered actual damages, including by not limited to: loss of employment income and benefits, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

63.     First Advantage's violations were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, First Advantage was negligent which entitled Plaintiff to recovery under 15 U.S.C. §1681*o*.

64.     Whereas Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681*o*.

**COUNT IV**
**Violation of the Fair Credit Reporting Act 15 U.S.C. § 1681n**
**Against First Advantage Corporation and Sallie Mae**

65.     The allegations of Paragraphs 1 through 64 are incorporated by reference as if fully restated herein.

66.     The Fair Credit Reporting Act imposes liability upon recipients of "consumer reports" for violating its requirements for the issuance and use of such reports. 15 U.S.C. § 1681n.

67.     Upon receipt of Plaintiff's appeal of the background check containing erroneous information, Defendants Sallie Mae and First Advantage Corporation willfully failed to reconcile the differences between Plaintiff's full history report and the documents and explanations provided to it by Plaintiff.

68.    As a result, Defendants wrongfully rescinded Plaintiff's offer of employment.

## COUNT V
### Violation of Fair Credit Reporting Act 15 U.S.C. § 1681c(a)(2) and (5)
### Against First Advantage

69.    The allegations of Paragraphs 1 through 68 are incorporated by reference as if fully restated herein.

70.    Consumer reporting agencies are prohibited from reporting certain information, including the following: Civil suits, civil judgments, and records of arrest that, from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period [or] Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years. 15 U.S.C. § 1681c(a)(2) and (5)

71.    First Advantage reported certain information regarding Plaintiff which was prohibited by the Fair Credit Reporting Act, including but not limited to records of arrest which were more than seven years old.

## COUNT VI
### Tortious Interference of Prospective Business Opportunities
### First Advantage

72.    The allegations of Paragraphs 1 through 71 are incorporated by reference as if fully restated herein.

73.    Plaintiff developed a business relationship with Sallie Mae, with expectancies with a probability of future economic benefit.

74.    Defendant First Advantage had knowledge of Plaintiff's business relationships and expectancies in regards to starting Collector I.

75.     Defendant First Advantage intentionally interfered with Plaintiff's prospective opportunities, economic advantage and contractual relationship.

76.     At the time Defendant First Advantage took its actions against Plaintiff, there was a reasonable probability Plaintiff would have continued the onboarding process for the Collector I position.

77.     Defendant First Advantage's conduct was independently unlawful in that statements made about Plaintiff were defamatory.

78.     There is a reasonable certainty that absent Defendant First Advantage's intentional misconduct, Plaintiff would have continued in the relationship with him.

79.     Defendant First Advantage's conduct therefore constitutes intentional interference with Plaintiff's prospective economic advantage under Delaware law.

80.     As a consequence of the foregoing, Plaintiff has been damaged by the actions of Defendant First Advantage, and Plaintiff seeks damages related thereto.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court order the following relief in favor of Plaintiff:

A.  Award Plaintiff any and all consequential damages, including, but not limited to lost wages, salary, employment benefits, back pay, front pay, pre and post judgment interest, equity, liquidated damages, and any or all pecuniary damages.

B.  Award Plaintiff all compensation due as a result of Defendants' violations herein.

C.  Award Plaintiff an equal and additional amount as liquidated damages.

D.  Award Plaintiff costs and reasonable attorney's fees.

E.  Award Plaintiff pre and post judgment interest at the legal rate.

F.  Any and all such other relief as the Court deems appropriate under the

circumstances.

**ALLEN & ASSOCIATES**
*/s/ Michele D. Allen*
Michele D. Allen (#4359)
4250 Lancaster Pike Suit 230
302-234-8600
302-234-8602 (fax)
michele@allenlaborlaw.com
*Attorney for Plaintiff*

Dated: November 29, 2019